UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALBERT MEDINA,

    Plaintiff

v.

JAMES SCALLY, et al.,

    Defendants

Case No.: 2:23-cv-01773-APG-MDC

**Order**

This action began with a pro se civil rights complaint filed under 42 U.S.C. § 1983 by Albert Medina, a state prisoner. Medina has submitted two applications to proceed *in forma pauperis*. ECF Nos. 1, 24. Based on the financial information provided, Medina is unable to prepay the full filing fee in this matter, so I grant his most recent application to proceed *in forma pauperis*. I deny the earlier application to proceed *in forma pauperis* as moot.

I entered a screening order on July 28, 2024. ECF No. 21. The screening order imposed a 90-day stay, and the Magistrate Judge entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. ECF Nos. 21, 30. The parties participated in a mediation conference, but they did not reach a settlement. ECF No. 38. Accordingly, I lift the stay and return this case to a normal litigation track.

During the stay, Medina filed two motions for appointment of an expert witness, as well as a motion for reconsideration of my denial of his motion for appointment of counsel. ECF Nos. 34, 36, 31. Medina also filed a motion to amend the complaint. ECF No. 40.

////

////

### A. Motion to Appoint Expert Witness

Medina requests that a doctor be appointed to review his medical history and explain to the court the nature of his injuries and illnesses and the consequences of the failure to treat them appropriately. ECF Nos. 34, 36. This case has been at the prescreening stage, and the Defendants have not yet been served with the complaint or filed an answer. As such, the request for appointment of an expert witness is premature, so I deny it without prejudice.

### B. Motion to Reconsider

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). But the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the

complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

Medina states that it will be difficult for him to interview witness and that this case could come down to credibility of witness. ECF No. 31 at 3-4. Medina also notes that prison officials have failed to appropriately handle grievances or provide the Office of the Attorney General with complete copies of his grievances. *Id*. Medina further states that the law library at High Desert State Prison has been unavailable for that past 30 days and that he will need the testimony of an expert witness. *Id.* at 4.

Nothing in Medina's motion persuades me to reconsider my prior decision. While Medina alleges that he will face difficulties in litigating this case, the difficulties that he faces are similar to difficulties faced by many other inmates. Medina has successfully articulated his claims in the complaint, and this case is moving forward to service of process. Medina's claims regarding deliberate indifference to his serious medical needs do not appear to be particularly complex. As such, I deny Medina's motion for reconsideration.

**C. Motion to Amend**

Under Nevada Local Rule of Practice 15-1, unless the court orders otherwise, a party seeking to file an amended pleading "must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading."

Medina moved for leave to file an amended complaint, but he did not file a proposed amended complaint. ECF No. 40. Therefore, I deny his motion. I note that in his motion, Medina appears to indicate that he wishes to amend his complaint to include a claim about the recent transfer of a large number of inmates between prisons. *Id.* at 2. Medina alleges that his

property was lost in the chaotic move that took place on September 6, 2024. *Id.* Medina cannot use an amended complaint to add new, unrelated claims to this case. If Medina has a new and unrelated claim, he must bring it in a new case.

Furthermore, under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and unexhausted claims cannot be brought in court. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Jones v. Bock*, 549 U.S. 199, 211 (2007). While I make no determination as to whether Medina has exhausted his administrative remedies regarding any claim related to his recent transfer, I note for his benefit that he is required to exhaust his administrative remedies for any such claim before bringing that claim in federal court.

I. **CONCLUSION**

I therefore order that Medina's most recent application to proceed *in forma pauperis* (ECF No. 24) is **GRANTED**. Medina's previous application to proceed *in forma pauperis* (ECF No. 1) is **DENIED** as moot. Medina shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

I order that Medina is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

I order that, under 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Albert Medina, #74738** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account

4

exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

I order the Clerk of the Court to electronically **SERVE** a copy of this order and a copy of Medina's complaint (ECF No. 22) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

I order that service must be perfected within 90 days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

I order that, subject to the findings of the screening order (ECF No. 21), within 21 days of the entry of this order, the Attorney General's Office shall file a notice advising the court and Medina of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Medina the last known addresses of those defendants for whom it has such information. If the last known address of any of the defendants is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address.

I order that if service cannot be accepted for any of the named defendants, Medina shall file a motion identifying the unserved defendants, requesting issuance of a summons, and specifying a full name and address for each such defendant. For the defendants for whom the Attorney General has not provided last-known-address information, Medina shall provide the full

name and address for each such defendant.

I order that if the Attorney General accepts service of process for any named defendant, each such defendant must file and serve an answer or other response to the complaint (ECF No. 22) within 60 days from the date of this order.

I order that Medina shall serve upon each defendant or, if an appearance has been entered by counsel, upon their attorney, a copy of every pleading, motion or other document submitted for consideration by the court. If Medina electronically files a document with the court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if Medina mails the document to the court, Medina shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Medina must direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

I order that Medina's motions for appointment of an expert witness **(ECF Nos. 34, 36) are DENIED** without prejudice.

I order that Medina's motion for reconsideration of the denial of his motion for appoint of counsel **(ECF No. 31) is DENIED**.

/ / / /

/ / / /

I order that Medina's motion to amend the complaint **(ECF No. 40) is DENIED**.

I order that this case is no longer stayed.

Dated: September 27, 2024

_____
U.S. District Judge