**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Albert Medina,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br>James Scally, *et al.*,<br><br>　　　　　　Defendant(s). | 2:23-cv-01773-APG-MDC<br><br>**ORDER DENYING MOTION TO TEST FOR RELEVANT EVIDENCE (ECF NO. 49) AND DENYING MOTION FOR FILE-STAMPED COPIES (ECF NO. 50)** |

Plaintiff filed a *Motion to Test for Relevant Evidence* ("Motion to Test") (ECF No. 49) and a *Motion for File-Stamped Copies* ("Motion for Copies") (ECF No. 50). The Court denies both Motions.

**I. PLAINTIFF'S MOTION TO TEST**

Construing plaintiff's Motion to Test liberally[1], he appears to seek summons for named defendants (1) "Lt. Bratt/Bartt", (2) James Scally, and (3) Jaime Cabrera. The Office of the Nevada Attorney General ("AG") accepted service and filed an answer for two of the defendants: James Scally and Jaime Cabrera. ECF No. 51. The AG also states that they were unable to identify any individual named Bartt and they need more information to identify this defendant. *Id.* The AG also notes that they are unable to accept service on behalf of Doe defendants until they have more information to identify them. *Id.*

There is presently a split of authority amongst the district courts within the Ninth Circuit regarding whether a partially named defendant is a fictitious defendant. Compare *Reiling v. Hobby Lobby Stores Inc.,* No. CV220124MWFSHKX, 2022 U.S. Dist. LEXIS 61483, 2022 WL 910218 (C.D. Cal. Mar. 29, 2022) (denying a motion to remand in a newly filed case after finding that a partially

---

[1] "A document filed pro se is "to be liberally construed" and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal citations omitted).

1

named defendant is the functional equivalent to a Doe defendant), with *Tipton v. Zimmer, Inc.*, No. CV 15-04171-BRO (JCx), 2016 U.S. Dist. LEXIS 82012, at *3 (C.D. Cal. June 23, 2016) (denying a motion to remand in a case that was several years old, after the parties had taken fact discovery, and finding that a partially named defendant is not a Doe defendant).

Plaintiff makes some allegations in his complaint regarding who defendant Lt. Bartt might be, but at this stage in the litigation Lt. Bartt is only partially named and is functionally a Doe defendant. There is sparse case law regarding partially named defendants in cases where diversity jurisdiction is not at issue. The Court notes that plaintiff's case is more like the *Reiling* case, supra, because this case is in its early stages (discovery is not open yet), diversity is not at issue in this case as federal question jurisdiction exists, and plaintiff will not be prejudiced because he can seek discovery when it opens to try to ascertain the identity of Lt. Bartt. 2022 WL 910218. Plaintiff may file a motion to substitute "Lt. Bartt" once plaintiff discovers more information. It will also save scarce judicial resources to issue the summons once plaintiff learns more information about Lt. Bartt. The Court denies plaintiff's Motion.

## II. PLAINTIFF'S MOTION FOR COPIES

The Court denies plaintiff's Motion for Copies because he is not entitled to free copies of documents from the Court. See e.g. *Allen v. Clark County Detention Center*, No. 10-857, 2011 U.S. Dist. LEXIS 31765, 2011 WL 886343 at *2 (D. Nev. March 11, 2011) ("Plaintiff also requests that the Court provide him with file-stamped copies of any documents he files with the Court. [*6] (# 119). The Court will deny this request as plaintiff is not entitled to free copies of documents from the Court merely because he is proceeding in forma pauperis."). Plaintiff will not be prejudiced because he currently receives his Court filings from the law library at Ely State Prison.

//
//
//

//

ACCORDINGLY,

**IT IS ORDERED** that plaintiff Albert Medina's *Motion to Test for Relevant Evidence* (ECF No. 49) and *Motion for File-Stamped Copies* (ECF No. 50) are both DENIED.

DATED December 3, 2024

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.