UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| ALBERT MEDINA, | Case No.: 2:23-cv-01773-APG-MDC |
| --- | --- |
| Plaintiff | **Order (1) Denying Motions for Preliminary Injunction and (2) Granting Motion for Leave to File Exhibit Under Seal** |
| v. | |
| JAMES SCALLY, et al., | [ECF Nos. 19, 27, 64, 65] |
| Defendants | |

Plaintiff Albert Medina sues defendants James Scally, Lieutenant Bartt, Jaime Cabrera, and John Doe for events that occurred while Medina was incarcerated at High Desert State Prison (HDSP). After screening, the following claims are pending: (1) an Eighth Amendment claim of deliberate indifference to a serious medical need based on the recent failure to provide Medina treatment for his wrist arthritis and pain against Scally, Bartt, and Cabrera; and (2) an Eighth Amendment claim of deliberate indifference to a serious medical need based on the failure to provide Medina medication for gastroesophageal reflux disease (GERD) against Scally, Bartt, Cabrera, and John Doe. ECF No. 21 at 12-13.

Medina moves for a restraining order, arguing that the defendants have delayed or denied medication for his GERD and treatment for his wrist. The defendants oppose, arguing that Medina has not exhausted administrative remedies because none of his grievances have gone beyond the informal stage.[1] They also contend that Medina is not likely to succeed on the merits because Medina has been provided medication to treat his GERD. They assert that although his

---

[1] The defendants attach to their response a printout of Medina's grievance history. As has become typical in these types of cases, the grievance history is printed out in such a way that only part of the grievance is displayed, making it difficult, if not impossible, to determine what was stated in the grievances. *See, e.g.*, ECF No. 26-1 at 2-3.

medication was changed from Omeprazole to Famotidine, there were medical reasons to make that change. They also contend that Medina has since received Omeprazole as he requested. And they argue that even if there were some gaps in providing him medication, those were not sufficiently lengthy to show deliberate indifference. As for his wrist injury, the defendants argue that Medina filed a grievance less than three months before he filed his motion for injunctive relief, and he was told that his wrist would be examined. They contend that a three-month delay is not sufficient to show deliberate indifference.

In reply, Medina argues that he cannot exhaust administrative remedies because prison officials have a practice of frustrating the grievance process, including by denying grievances for improper reasons or throwing them away. Medina states that he went without his GERD medication for about a month while in isolation. He argues that his usual medication was changed without consulting him and without a physical exam, and that the new medication was ineffective. He asserts that he went "entire months without medication to the extent of vomit[ing] blood" in a nurse's presence. ECF No. 35 at 4. He contends that during the first week of August 2024, Dr. Avram prescribed him the GERD medication known as Pantoprazole, which as of the date of his September 5, 2024 reply, "has been effective." *Id.* As to his wrist, Medina argues that due to deliberate indifference by HDSP staff, his fractured ulna and radius became infected in 2002. And he argues that the defendants recently denied him pain medication.

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of

hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011). Additionally, in the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.* A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quotation omitted). A prison official violates the Eighth Amendment when he acts with deliberate indifference to an inmate's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

2006) (quotation omitted). A medical need qualifies as serious when the inmate has: (1) an injury "that a reasonable doctor or patient would find important and worthy of comment or treatment," (2) a "medical condition that significantly affects an individual's daily activities," or (3) "chronic and substantial pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Where the claim of medical indifference stems from an alleged delay in receiving medical treatment, the prisoner must show that the delay itself led to further injury. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (quotation omitted). "A prison official is deliberately indifferent under the subjective element of the test only if the official knows of and disregards an excessive risk to inmate health and safety." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quotation omitted). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

### 1. GERD

Medina has not shown that an injunction related to medication for GERD is necessary at this time because he states in his reply that in August 2024, Dr. Avram prescribed him

4

Pantoprazole for GERD, which has been effective for him. Consequently, whatever his past concerns were with the switch from Omeprazole to Famotidine, he is no longer on Famotidine and instead is on a medication that, at least as of the date of his reply brief, was working for him. Further, Medina has not presented evidence that delays he experienced in receiving his GERD medication have continued recently or that any recent delays are of such a duration as to amount to deliberate indifference. Thus, I deny his motion for injunctive relief related to his GERD medication.

### 2. Wrist

Medina had surgery on his wrist in 2004. ECF No. 28-1 at 51. He argues in his reply that it was prison officials' deliberate indifference in 2002 that led to the 2004 surgery and to the loss of use of his left hand. But as I explained in the screening order, Medina fails to state a colorable claim related to alleged improper treatment of his wrist dating back to 2002 because he did not allege in his complaint that any of the defendants were involved in his medical care back then. ECF No. 21 at 9. I therefore dismissed any claim based on allegations about his medical care in 2002-04. *Id.* Instead, I allowed an Eighth Amendment claim related to his wrist to proceed to the extent it was based on "the recent failure to provide treatment." *Id.*

Medina argues that, like his GERD medication, his pain medication has also been delayed. But Medina was provided with aspirin and ibuprofen, and it appears that on the few occasions Medina sent medical kites related to painkillers, they were given to him, or he was told it was either too soon for a refill or his prescription had expired. *See* ECF No. 28-1 at 6-7, 9, 30-31, 36-37, 135, 143, 167-72, 178-81, 198-200, 205-06.

Medina filed a grievance in September 2023 in which he requested an appointment with a doctor related to his wrist. ECF No. 1-2 at 23. That grievance was returned to him because it

lacked an administrative claim form. ECF No. 26-1 at 3. Medina apparently resubmitted it, and it was returned again in April or May 2024.[2] *Id.* Medina was informed that his "request to be seen for [his] wrist will be expedited on the list." *Id.* In July 2024, Medina filed this motion for a restraining order. ECF No. 19. In their August 19, 2024 response, the defendants stated that "[w]hile the medical records available at this time do not appear to indicate that such an examination has taken place, the time elapsed since this statement was made is brief enough that the issuance of any sort of injunctive relief at this point would be premature and against the public interest." ECF No. 26 at 11.

Given this response, I ordered the defendants to file a status report regarding whether Medina had been seen for his wrist. ECF No. 56. The defendants responded that Medina was scheduled to be seen for his wrist on November 27, 2024. ECF No. 59. Medina thereafter filed a motion for reconsideration regarding appointment of counsel in which he confirmed that he was seen for his wrist on November 27. ECF No. 61 at 3. But Medina stated that the doctor discontinued the pain medication for his arthritis in his wrist "without considering prescribing an alternative pain medication." *Id.* I ordered the defendants to file a second status report regarding what happened at the November 27, 2024 appointment, including whether the doctor discontinued pain medication for Medina's wrist and, if so, the medical reason for doing so. ECF No. 63.

The defendants responded by providing the doctor's notes from the November 27 appointment, which show that the doctor issued orders for x-rays, laboratory tests, and pain

---

[2] The grievance history report is confusing and unexplained. The grievance states it has a "date returned" of April 9, 2024, but it also states that Medina disagreed with the response and signed on May 14, 2024. ECF No. 26-1 at 3. No explanation is given for this one-month discrepancy in the dates.

6

medication. ECF No. 68-1 at 2-4. Specifically, the doctor prescribed 325mg Tylenol tablets for Medina to keep on his person. *Id.* As a result, I deny Medina's motion for injunctive relief related to his wrist because an injunction is not needed to ensure he is seen by a medical provider about his wrist. Additionally, the doctor has prescribed medication to address Medina's wrist pain. Medina has recently filed additional motions for injunctive relief in which he requests "an order granting the stoppage of the denial of arthritis pain medication and the constant pain enduring as a result." ECF Nos. 64 at 3; 65 at 3. Because the doctor prescribed alternative pain medication for Medina, I deny these motions as well.

I THEREFORE ORDER that plaintiff Albert Medina's motions for injunctive relief **(ECF Nos. 19, 64, 65) are DENIED**.

I FURTHER ORDER that the Nevada Department of Corrections' motion for leave to file an exhibit under seal **(ECF No. 27) is GRANTED**.

DATED this 23rd day of December, 2024.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE