UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALBERT MEDINA, | Case No.: 2:23-cv-01773-APG-MDC |
| Plaintiff | **Order (1) Granting Motions to Correct Defendants' Status Report, (2) Denying Motions to Stop Misinforming the Court, and (3) Granting Motion to Seal** |
| v. | |
| JAMES SCALLY, et al., | [ECF Nos. 72, 73, 74, 75, 81, 89] |
| Defendants | |

Plaintiff Albert Medina sues defendants James Scally, Lieutenant Bartt, Jaimie Cabrera, and John Doe for events that occurred while Medina was incarcerated at High Desert State Prison (HDSP). After screening, Medina has two Eighth Amendment claims of deliberate indifference to a serious medical need pending. ECF No. 21 at 12-13. Medina moves to correct the defendants' status report, asserting that their representation to the court that he received pain medication was false. Medina also moves for an order correcting what he believes are false or incomplete filings in this court.

**A. ECF Nos. 71, 75**

I previously denied Medina's motion for injunctive relief because, among other reasons, the defendants represented in a status report that Medina was prescribed pain medication for his wrist. ECF Nos. 67; 68; 71. After my ruling, Medina filed a motion to correct errors in the defendants' status report in which the defendants had represented that Medina was prescribed pain medication in the form of Tylenol on November 28, 2024. ECF Nos. 68-1 at 4; 72. Medina asserted that even though he had been prescribed Tylenol, as of December 21, he had not been given the pain medication. ECF No. 72 at 2, 4. Medina filed the same motion on January 28, 2025. ECF No. 75. His signature on that filing was dated December 21, 2024. *Id.* at 4.

The defendants did not respond to these motions that accused them of misrepresenting facts to the court. So, I ordered them to do so. ECF No. 82. And I ordered the defendants to "provide evidence that Medina has received the arthritis medication that the defendants represented he would receive in their December 20, 2024 status report." *Id.* at 1.

Responding to these motions only after I ordered them to do so, the defendants first argue that Medina failed to provide points and authorities in support of his motion, so he consents to denial of the motions under Local Rule 7-2(d). I remind the defendants that Local Rule 7-2(d) also provides that "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." I could have granted Medina's motions as unopposed but nevertheless allowed the defendants additional time to respond. Moreover, other than making this argument, the defendants' response also contained no points and authorities. The defendants are advised to respond to motions in the future or risk those motions being granted as unopposed under Local Rule 7-2(d).

On the merits, the defendants assert that their exhibit shows that Medina was given Tylenol, "with the most recent refill occurring on January 22, 2025." ECF No. 88 at 2. The defendants' exhibit is a single page patient acknowledgement form that shows the pharmacy received Tylenol on January 22, 2025, and Medina acknowledged receipt of it on January 26, 2025. ECF No. 90-1 at 2. However, the defendants have presented nothing to show that Medina received Tylenol from the time it was prescribed on November 28, 2024 through the time the defendants filed their status report on December 20, 2024 in which they stated that:

> Medina was prescribed Tylenol for pain, specifically 90 pills of 325mg tabs for Mr. Medina to keep on his person and take on an as needed basis. Despite Mr. Medina's assertions to the contrary, these medical records clearly reflect he was not removed from his pain medication without being provided an alternative.

2

ECF No. 67 at 1-2. Based in part on the defendants' representation that Medina had Tylenol as an alternative pain medication, I denied Medina's motions for injunctive relief. *See* ECF No. 71 at 6-7.

The defendants' exhibit does not disprove Medina's assertions that he was not receiving Tylenol in December or through most of January as he stated in his motions. Consequently, I grant Medina's motions and order the defendants to continue providing the Tylenol to Medina as prescribed. If a doctor prescribes a different pain medication for Medina or proposes to reduce or eliminate his pain medication, the defendants must immediately notify the court of this development and provide evidence, not just attorney argument, explaining the medical justification that supports the change in pain medication.

**B. ECF Nos. 73, 74, 81**

Medina filed a motion "for an order demanding defendants stop misinforming the plaintiff and the court and to provide actual proof that all of the exhibits submitted by plaintiff have reach[ed]" the court. ECF No. 73. He filed the same motion a few weeks later. ECF No. 74. And he filed it again a few weeks after that. ECF No. 81. In those motions, Medina takes issue with the Nevada Department of Corrections not indicating to him the number of pages contained in documents they e-file for him with the court. He asserts that an example of the problem is reflected by case number 2:24-cv-02413-JAD-DJA, *Medina v. Royal, et al.*, which Medina asserts was filed without his knowledge or consent. The defendants did not respond to these motions either, so I ordered them to do so. ECF No. 82. In their response, the defendants do not address any of the things Medina raises in these motions.

I deny these motions, as well as Medina's related notices (ECF Nos. 84, 85), because I inform Medina that case number 2:24-cv-02413-JAD-DJA was not filed in his name. It was

filed by another person with the last name Medina. Additionally, Medina has not given me any reason to suspect that some of his documents have not been filed or are missing pages. I have compared the motion for summary judgment and declaration at ECF Nos. 77 and 78 with Medina's filing at ECF No. 85 to which he attached his motion for summary judgment, declaration in support, statement of undisputed facts, brief in support, proof of service, and exhibits. They are the same. I further advise Medina that serially filing the same motions seeking the same relief wastes the court's time and resources.

### C. Conclusion

I THEREFORE ORDER that plaintiff Albert Medina's motions to correct errors in the defendants' status report **(ECF Nos. 72, 75) are GRANTED**.

I FURTHER ORDER that the defendants must continue to provide plaintiff Albert Medina with 325mg Tylenol as prescribed. If a doctor prescribes a different pain medication for Medina or proposes to reduce or eliminate his pain medication, the defendants must immediately notify the court of this development and provide evidence, not just attorney argument, explaining the medical justification that supports the change in pain medication.

I FURTHER ORDER that plaintiff Albert Medina's motions **(ECF Nos. 73, 74, 81) are DENIED**.

I FURTHER ORDER that the defendants' motion for leave to file exhibit A under seal **(ECF No. 89) is GRANTED**.

DATED this 12th day of March, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE