**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Albert Medina,

                Plaintiff(s),

vs.

James Scally, et al.,

                Defendant(s).

Case No. 2:23-cv-01773-APG-MDC

**ORDER GRANTING IN PART PLAINTIFF'S DISCOVERY MOTION (ECF NO. 95); GRANTING PLAINTIFF'S PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER (ECF NO. 101); DENYING PLAINTIFF'S EX PARTE MOTION (ECF NO. 103); GRANTING AND DENYING IN PART PLAINTIFF'S MOTION REQUEST FOR SUBPOENA (ECF NO. 105); DENYING PLAINTIFF'S MOTION FOR AN ORDER TO PRODUCE DOCUMENTS (ECF NO. 108); GRANTING DEFENDANTS' MOTION FOR CLARIFICATION (ECF NO. 109) IN PART; GRANTING IN PART DEFENDANTS' MOTION TO EXTEND TIME TO FILE A MOTION FOR SUMMARY JUDGMENT (ECF NO. 112); DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 113)**

Pro se plaintiff Albert Medina filed multiple motions: (1) *Discovery Motion* (**ECF No. 95**); (2) a proposed *Discovery Plan and Scheduling Order* (**ECF No. 101**); (3) *Ex Parte Motion* (**ECF No. 103**)*;* (4) *Motion Request for Subpoena* (**ECF No. 105**); (5) *Motion for an Order to Produce Documents* (**ECF No. 108**); and (6) *Motion for Appointment of Counsel* (**ECF No. 113**). The defendants also filed (1) a *Motion for Clarification* (**ECF No. 109**) and (2) a *Motion to Extend Time to File a Motion for Summary Judgment* (**ECF No. 112**)*.*

The Court GRANTS plaintiff's Discovery Motion (ECF No. 95) IN PART.

The Court also GRANTS plaintiff's proposed Discovery Plan and Scheduling Order (ECF No. 101).

The Court DENIES plaintiff's Ex Parte Motion (ECF No. 103) and DIRECTS the Clerk of Court to undesignated it as a restricted ex parte filing.

The Court GRANTS AND DENIES the plaintiff's Motion Request for Subpoena (ECF No. 105) IN PART and without prejudice.

The Court DENIES plaintiff's Motion for an Order to Produce Documents (ECF No. 108) and his Motion for Appointment of Counsel (ECF No. 113).

The Court GRANTS IN PART the defendants' Motion for Clarification (ECF No. 109) and GRANTS the defendants' Motion to Extend Time to File a Motion for Summary Judgment (ECF No. 112) IN PART.

**I.     DISCUSSION**

This is a prisoner deliberate indifference case regarding plaintiff's medical needs. *See Screening Order at ECF No. 21*. Given the volume of filings, the Court will discuss each Motion in turn.

**A.     Plaintiff's Discovery Motion (ECF No. 95)**

In plaintiff's Discovery Motion, he argues that the defendants' initial disclosures are inadequate, and he seeks supplementation. *ECF No. 95*. The defendants did not file a response to the Discovery Motion. Pursuant to Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." "The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A party has a continuing duty to supplement or correct its disclosure or response upon learning that "in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not

otherwise been made known to the other parties during the discovery process or in writing." See Fed. R. Civ. P. 26(e)(1)(A).

Plaintiff alleges that counsel has not provided copies of his grievances and some of his past medical records as part of their supplements to the initial disclosures. *ECF No. 95*. Plaintiff also states that he seeks a teleconference with the defendants' attorney regarding the supplementation. *Id. at 4*. The Court grants plaintiff's Motion in part, to the extent that the defendants have not yet supplemented their initial disclosures. The Court finds that the defendants have consented to plaintiff's request for a teleconference by operation of LR 7-2(d) and orders the defendants' counsel coordinate and conduct a teleconference with the plaintiff by **October 24, 2025**, regarding his requests in the discovery motion. The Court also finds that plaintiff's requests for past copies of grievances and missing medical records are related to his medical indifference claims and should be supplemented pursuant to Rule 26. The Court orders the defendant's counsel to meet-and-confer with plaintiff at the teleconference regarding these requests and to provide supplements to the plaintiff within thirty days of the teleconference. Counsel is also directed to file a notice of compliance on the docket within seven days of complying with this Order.

**B. Plaintiff's Proposed Discovery Plan and Scheduling Order (ECF No. 101) and Defendants' Motion to Extend Time to File a Motion for Summary Judgment (ECF No. 112)**

Plaintiff unilaterally filed a proposed discovery plan, which the Court liberally construes as a Motion to Extend Discovery. The defendants filed a notice of non-opposition and proposed a ninety-day extension. The Court grants plaintiff's motion and extends discovery by ninety days from the current deadlines. In the defendants' Motion to Extend Time, they ask for the dispositive motion deadline to be extended to October 11, 2025. Since the new dispositive motion deadline is now December 10, 2025, the Court grants the defendants' Motion to Extend Time in part.

C.  **Plaintiff's Ex Parte Motion (ECF No. 103)**

Plaintiff filed a document titled Ex Parte Motion: in it he requests to be allowed to file his motions by mail instead of through the law library because of purported filing delays. *ECF No. 103*. Since plaintiff filed this motion ex parte, the motion is restricted on the docket, and the defendants did not file a response as they presumably had no notice of the filing. Per Local Rule IA 7-2(b), "An ex parte motion or application must articulate the rule that permits ex parte filing and explain why it is filed on an ex parte basis." "Ex parte applications are nearly always improper, and the opportunities for legitimate ones are extremely limited." *Doe 1 v. Manhattan Beach Unified Sch. Dist*., 2020 WL 7222809, at *1 (C.D. Cal. Oct. 30, 2020) (internal quotations omitted).

It is not clear to the Court why the plaintiff filed this document ex parte. The Court denies the Ex Parte Motion on the merits as plaintiff has successfully filed numerous motions on the docket through the law library and any delays are minimal, especially compared to the fact that filings by mail also face delays. It would also be a burden on scarce judicial resources to have the clerk's office scan and process mailed filings from the prison. Since there is no reason for this filing to be ex parte, the Court directs the clerk's office to undesignated this filing as restricted so that it is available on the public docket.

D.  **Plaintiff's Motion Request for Subpoena (ECF No. 105)**

Plaintiff asks the Court to allow him to issue a subpoena duces tecum on the custodian of medical records at the Nevada Department of Corrections pursuant to Federal Rule of Civil Procedure 30(b)(2). Defendants did not file a response to the Motion. Rule 30(b)(2) pertains to depositions, and it is unclear if plaintiff is seeking to take the custodian's deposition or just obtain documents. Plaintiff has not shown that he can pay any of the costs associated with taking depositions. It also appears that the documents plaintiff seeks from the custodian are duplicative of the documents he seeks from the defendants. The Court grants this Motion only in part: specifically, the Court directs the parties to meet

and confer, as ordered above, and discuss what written discovery plaintiff needs, and whether the defendants can provide those documents instead. The Court orders defense counsel to cooperate with plaintiff and provide any relevant records to the plaintiff in its production. The Court thus denies without prejudice plaintiff's request to issue subpoena duces tecum at this time as unnecessary. If plaintiff wishes to take depositions, he must demonstrate in any future motions how he can afford to pay for the costs of the depositions.

E. **Plaintiff's Motion for an Order to Produce Documents (ECF No. 108)**

Plaintiff argues in his Motion for an Order to Produce Documents, which the Court liberally construes as a Motion to Compel, that the defendants (1) produce his medical records from November of 2002 until February of 2025; and (2) provide the name of NDOC's custodian of records. *ECF No. 108*. The defendants filed a response that states that plaintiff has not met and conferred regarding these requests. *ECF No. 110*. Pursuant to LR 26-6(c), "[d]iscovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and confer conference about each disputed discovery request."

These discovery issues are largely duplicative of plaintiff's previous discovery motions (ECF Nos. 95 and 105), and the Court has already ordered defense counsel to hold a teleconference with plaintiff regarding these outstanding discovery issues. The Court denies the Motion to Compel because it is duplicative and for failure to meet and confer. The Court directs the parties to discuss the defendants' production of these records in their teleconference.

F. **Defendants' Motion for Clarification (ECF No. 109)**

"The general purpose of a motion for clarification is to explain or clarify something

5

ambiguous or vague, not to alter or amend." *United States v. Philip Morris USA, Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011) (citation and internal quotations omitted). The defendants argue in their Motion that they need clarification regarding the language in the February 14, 2025, scheduling order (Scheduling Order) regarding kites, which states:

> Defendants shall not treat any discovery requests by plaintiff as a Kite, nor require plaintiff to submit Kites in addition to or as a prerequisite to serving discovery. Any discovery disputes must be resolved in accordance with the Federal Rules of Civil Procedure, the Court's Local Rules, and relevant case authority.

See ECF No. 83 at 4:2-3.

The defendants argue that is unclear if this requires that prisoners be allowed to have medical records in their cell. *ECF No. 109*. Defendants argue that the Nevada Department of Corrections prohibits offenders from having medical records in their cells for "safety and security purposes[.]" *Id.*

The Court disagrees that the language in the scheduling order is vague or ambiguous, but the Court will grant the Motion in part for the defendants' benefit. The defendants' counsel recently objected to the inclusion of this phrase in a different case, arguing that it "appears to be intended to prohibit NDOC from enforcing its Administrative Regulations (AR), specifically AR 568 and AR 639 which prohibit offenders from possessing certain information in their cell[.]" *Boyd v. Henry*, No. 2:23-cv-01022-CDS-MDC, 2025 U.S. Dist. LEXIS 138535, at *3 (D. Nev. July 17, 2025). The Boyd Court affirmed the phrase in the scheduling order, finding that, "there is nothing in the order that would direct or require the defendants to violate either AR. Both ARs exist to ensure that an inmate's private information is protected and for the safety of the inmate, while also providing an avenue for accessing sometimes necessary information and documents for legal claims." *Id.* The Boyd Court also held that the order is an "attempt to ensure discovery disputes are litigated *in court* and not stymied by, for example, requiring Boyd to file some multi-level grievance procedure to view/access records he needs to

review/access for purposes of this litigation." *Id*. (emphasis in original). To the extent that the instant Motion for Clarification is an attempt to relitigate the findings of the Boyd Court, the instant Court denies the Motion and rejects that inclination as the findings of the Boyd Court were unambiguous.

The Court grants the Motion in part as to defendant's query whether the Scheduling Order allows plaintiff to maintain his medical records in his cell.  There is no ambiguity in the Scheduling Order about such matter.  The Scheduling Order does not include any language about where the defendant may review his discovery.  The Court notes that this district has, on a case-by-case basis, found that there are instances where prisoners need access to their medical records in their cells to litigate their claims. See e.g. *Brass v. Nev*. ex rel. NDOC, No. 2:21-cv-00074-RFB-VCF, at *12 (D. Nev. July 2, 2021) ("Plaintiff shall be provided with a copy of his medical records to keep in his cell within two weeks. The Court finds that these records are necessary for Plaintiff to pursue his case and that he is entitled to such records."); see also *Kinford v. Moyal*, No. 2:18-cv-01890-RFB-EJY, 2022 U.S. Dist. LEXIS 95465, at *3 (D. Nev. May 26, 2022)("Defendant shall immediately mail a copy of these Exhibits to the Warden of the instruction in which Plaintiff is housed who must allow Plaintiff to retrieve the same and keep them in his cell for purposes of preparing his Reply."); see also *Banda v. Doe*, No. 2:19-cv-00095-RFB-DJA, 2023 U.S. Dist. LEXIS 151889, at *7 (D. Nev. Aug. 28, 2023)("Based on the Court's separate order directing HDSP to provide Plaintiff with his medical records to keep in his cell, Plaintiff was granted more time to file a SAC."). To the extent that the instant motion seeks to relitigate these prior decisions from the Court, the Court rejects that inclination as these holdings are also unambiguous. To the extent there is dispute between the parties about where plaintiff's medical records may be kept, the parties must further attempt to resolve such dispute and agree to protocol for plaintiff to reasonably access and review his medical records in their meet and confer teleconference required by this order.

7

G. **Motion for Appointment of Counsel (ECF No. 113)**

Plaintiff seeks appointment of counsel because the Court ordered a global settlement conference in his related case and he says he needs an attorney to represent him at the settlement conference. See *Medina v. Dzurenda* et al., 3:25-cv-00228-MMD-CLB at ECF No. 15 (D. Nev. Aug. 22, 2025) ("Related Case"). The plaintiff filed an identical motion in the Related Case. Since the magistrate judge in the Related Case is holding the global settlement conference in-person, in Reno, the Court will defer to the decision of the Court regarding appointment of counsel in the Related Case. The Court thus denies plaintiff's Motion in this case, in deference to the decision of the Court in the Related Case.

//

//

//

**IT IS ORDERED** that:

1. Plaintiff's *Discovery Motion* (ECF No. 95) is GRANTED IN PART. Defense counsel must set up a teleconference with the plaintiff by **October 24, 2025** to discuss their supplementation of their initial disclosures. Defense counsel, within thirty days after the teleconference, will supplement their initial disclosures. Defense counsel will file a notice of compliance on the Court's docket within seven days of complying with this Order.

2. Plaintiff's request to extend discovery in the Discovery Plan and Scheduling Order (ECF No. 101) is GRANTED. The Court orders the following new discovery deadlines:

    a. Discovery Cut-off: **November 10, 2025**

    b. Dispositive Motion Deadline: **December 10, 2025**

    c. Joint Pretrial Order: **January 9, 2026**

8

d. If dispositive motions are filed, the joint pretrial order shall be due thirty days from the entry of the court's rulings on the dispositive motions or by further order of the Court.

3. Plaintiff's Ex Parte Motion (ECF No. 103) is DENIED.

4. The Court DIRECTS the Clerk of Court to undesignated plaintiff's Ex Parte Motion (ECF No. 103) as a restricted ex parte filing so that it is available on the public docket.

5. Plaintiff's *Motion Request for Subpoena* (ECF No. 105) is GRANTED AND DENIED IN PART and without prejudice as discussed in this Order. Defense counsel must set up a teleconference with the plaintiff by **October 24, 2025** to discuss their production of the documents plaintiff seeks from the custodian of records. Defense counsel, within thirty days after the teleconference, will produce any relevant documents. Defense counsel will file a notice of compliance on the Court's docket within seven days of complying with this Order.

6. Plaintiff's *Motion for an Order to Produce Documents* (ECF No. 108) is DENIED for failure to meet and confer. Defense counsel must set up a teleconference with the plaintiff by **October 24, 2025** to discuss their production of the documents plaintiff seeks. Defense counsel, within thirty days after the teleconference, will produce any relevant documents. Defense counsel will file a notice of compliance on the Court's docket within seven days of complying with this Order.

7. Defendants' *Motion for Clarification* (ECF No. 109) is GRANTED in part. Defense counsel must set up a teleconference with the plaintiff by **October 24, 2025** to discuss plaintiff's need to review his medical records to litigate this case as stated above. Defense counsel will file a notice of compliance on the Court's docket within seven days of complying with this Order.

8. Defendants' *Motion to Extend Time to File a Motion for Summary Judgment* (ECF No. 112) is GRANTED IN PART.

9. Plaintiff's Motion for Appointment of Counsel (ECF No. 113) is DENIED.

IT IS SO ORDERED.

Dated September 26, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.